## · WENDELL v. LEO.

(Supreme Court, Appellate Division, Fourth Department.   November 14, 1906.)

1. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—PROXIMATE CAUSE
   —EVIDENCE—SUFFICIENCY.

   In an action by a servant for injuries sustained from stepping into an open elevator shaft, there was evidence that the elevator boy was accustomed to leave the elevator and go on errands about the store; that the employer had actual or constructive notice of this; that on such an occasion an employé went to the elevator, found the door open, entered and took it to an upper floor, closing the door, which, however, failed to catch; that the catch on the elevator door was defective so as to leave the door open after it had been closed; that the employer had actual or constructive notice of this; and that plaintiff, finding the door open, walked through it and fell to the basement floor. *Held* sufficient to require submission to the jury of the question whether defendant's acts of negligence were the cause, or at least contributing causes, of the injury.

2. APPEAL—SCOPE OF REVIEW—NONSUIT SUSTAINABLE ON OTHER GROUNDS—
   EVIDENCE—SUFFICIENCY.

   Where, in an action by a servant for injuries sustained through stepping into an open elevator shaft, plaintiff was erroneously nonsuited on the ground that the evidence failed to connect the injury with defendant's negligence in permitting the elevator boy to leave the elevator and the elevator door to remain out of order, the nonsuit could not be sustained on appeal on the ground of insufficient evidence to prove lack of contributory negligence, since, had the nonsuit been based on such ground, other evidence might have been introduced on the point.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3406.]

Action by Margaret Wendell against Michael J. Leo.   Motion for a new trial after plaintiff's nonsuit upon exceptions ordered to be heard in the first instance at the Appellate Division, under Code Civ. Proc. § 1000.   New trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

W. B. Simson and W. H. Helwig, for appellant.

Cox, Kimball & Stowe, for respondent.

WILLIAMS, J.   The exceptions should be sustained and the motion for a new trial granted, with costs to the plaintiff to abide event.

The action is to recover damages for injuries to the plaintiff, alleged to have been caused by the negligence of the defendant.   The nonsuit was granted for failure to show that the defendant was guilty of any negligence which caused the injuries.   The plaintiff was an employé in the defendant's store.   She had been engaged on the street floor in fitting a skirt for a customer.   She left the room where she was so engaged and went to the elevator to go to the third floor.   She found the elevator door partly open, stepped through the door, and, the elevator not being there, fell down the shaft to the basement, and received her injuries.   The boy in charge of the elevator had left it, leaving the door a little open, and gone upon an errand.   Another employé during the boy's absence had entered the elevator and taken it to the third floor, leaving the door open, and through this open door the plaintiff went, where she met with her accident.

The plaintiff claims that the defendant was guilty of negligence in permitting the elevator boy to leave the door open and go upon errands about the store, and in permitting the latch of the door to be so out of order that it would not catch when the door was drawn together, but would slide back and remain open, and that the accident and injuries were the result of these acts of negligence. There was evidence in the case from which the jury would have been justified in finding that the elevator boy had for some time been accustomed to leave the elevator and go about the store on errands, leaving the elevator door a little open, so that he or any other employé could open the door from the outside without unlocking it and enter the elevator, and that the defendant had actual or constructive notice of this practice of the boy; that on the occasion of the accident the boy had done this; that while he was absent another employé had gone to the elevator, found the door open, entered the elevator, and taken it to an upper floor; that the catch on the door had for some time been so defective that, when the door was drawn together, the catch would not operate so as to hold the door closed, but would allow the door to slide back and remain open after the elevator had left the floor, and that the defendant had actual or constructive notice of this defective condition; that on the occasion of the accident the employé when he took the elevator away from the street floor had closed the door, but, the catch not operating to hold it together, it had slid open again and remained open until the plaintiff found it so, walked through the opening, and fell to the basement below. Upon these findings of fact the jury might properly have found that these acts of negligence on the part of the defendant caused the accident, or were at least contributing causes to the accident, and that, in the absence of them, the accident would not have occurred. If the elevator boy had been required to remain at the elevator, or to safely lock the door when he left it, the door would not have been opened by the other employé and the elevator removed from the street floor. If the catch had been in order, so that when the door was drawn together it would have been securely fastened, then it would not have been open. after the elevator was removed by the employé, and the plaintiff would not have entered it and fallen. Whether the defendant was guilty of these acts of negligence, and whether they were the cause of the accident, or a contributing cause, without which the accident would not have occurred, were questions of fact for the jury, and should have been submitted to them by the court. The ruling of the court was based solely upon the failure of proof of defendant's negligence, and should not be upheld on appeal for failure of proof of the absence of contributory negligence. The plaintiff was in a hurry to serve defendant's customer. She had to go to the third floor, make some changes in the skirt, and return. The customer was in a hurry and was waiting. The day was dark and rainy. The locality of the elevator was not well lighted. She did see the elevator boy somewhere on the same floor, and away from the elevator, but, he being on that floor, she would be led to suppose the elevator was there also. She would expect him to come when he saw she needed to use the elevator, and

there was nothing apparently to lead her to suppose she could not safely step through the open door into the elevator. It does not appear she had any knowledge that the elevator boy was accustomed to leave the door open so that others could operate the elevator, and she did not know that the catch on the door was defective, and had never before approached the elevator when the door was open and the elevator not there. Possibly, if the court had been inclined to hold the evidence insufficient upon this branch of the case, further evidence might have been given in support of her want of contributory negligence.

It should not be held on appeal that, though the nonsuit was put upon the ground of failure to prove defendant's negligence, it may now be supported on the ground of failure to prove absence of contributory negligence on the part of the plaintiff. The case should be retried upon all the issues in the case.

Plaintiff's exceptions sustained and motion for new trial granted, with costs to the plaintiff to abide the event. All concur.